**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BTQ Technologies Corporation, et al., | No. CV-26-03103-PHX-SHD |
| Plaintiffs, | **ORDER** |
| v. | |
| Nicolas Roussy Newton, et al., | |
| Defendants. | |

Upon consideration of Plaintiffs' Application for Temporary Restraining Order ("TRO"), (Doc. 21), the Court finds that Plaintiffs have, at a minimum, raised "serious questions going to the merits" of their claims and that "the balance of hardships tips sharply in [Plaintiffs'] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Plaintiffs have also demonstrated a likelihood of irreparable harm and that a TRO is in the public interest. *See id.* The TRO application will therefore be **granted** as outlined below.

With respect to Plaintiffs' likelihood of success on the merits, Plaintiffs have presented compelling evidence that Defendant Nicolas Roussy Newton improperly obtained access to the Latentcap.com domain, and as a result, is collecting confidential and highly sensitive information, publishing that information to the public on the BTQfiles.com domain, interrupting Plaintiffs' business dealings, and impersonating and engaging in a campaign of harassment against Plaintiffs. (*See, e.g.*, Doc. 22 at ¶¶ 20–26.) These facts are sufficient to establish that Plaintiffs have raised serious questions on the merits of their

claims under the Computer Fraud and Abuse Act and the Stored Communications Act. *See* 18 U.S.C. §§ 1030(a)(2); 1030(a)(5), 2701(a). Plaintiffs have also raised serious questions on their Lanham Act claims, as they have made a showing that they have trademark rights in the "BTQ" mark and that Roussy Newton's use of BTQfiles.com likely infringes on those rights. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) ("A claim of trademark infringement under § 1114(1)(a) of the Lanham Act requires a trademark holder to demonstrate: (1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers." (cleaned up)).

Further, Plaintiffs have suffered and will continue to suffer significant injuries to their business, goodwill, and reputation because of Roussy Newton's conduct. (*See* Doc. 5 at 24–26 (describing injuries suffered to date).) Given both the harm Plaintiffs will suffer without a TRO and that Defendants are unlikely to suffer any harm if it is issued, granting the TRO is appropriate. Finally, an ex parte TRO is warranted. If notified of the pending application for a TRO, Roussy Newton could inflict further injury on Plaintiffs or remove the contested domains to a new registrar, perpetuating the existing harm caused to Plaintiffs.

Accordingly,

**IT IS ORDERED** granting the Application for a TRO, (Doc. 21), as follows.

**IT IS FURTHER ORDERED THAT:**

1. Defendants GoDaddy.com, LLC and GoDaddy, Inc. (collectively, "GoDaddy") shall immediately cease permitting Roussy Newton to access or in any way exercise control over the domain Latentcap.com (the "Latentcap Domain"), and the domain BTQfiles.com (the "BTQfiles Domain");

2. GoDaddy shall immediately disable or suspend the BTQfiles Domain;

3. GoDaddy shall immediately place a hold on the Latentcap Domain and the BTQfiles Domain to prevent any transfers, DNS changes, modifications to registrant or contact information, or any other changes to the domains;

4. GoDaddy shall immediately restore the Latentcap Domain to its last known operational status quo pending such transfer;

5. Roussy Newton is hereby temporarily enjoined from accessing, using, controlling, or interfering with the Latentcap Domain, and the BTQfiles Domain;

6. Roussy Newton is hereby temporarily enjoined from publishing, disseminating, or otherwise disclosing any material obtained through his access to the Latentcap Domain, including: (a) Plaintiffs' trade secrets, confidential information, or attorney-client privileged materials; or (b) the personal information of BTQ's officers, directors, and employees;

7. Plaintiffs shall post a nominal bond of one hundred dollars ($100.00) for the domain names at issue because even if Defendants ultimately prevail, the evidence indicates that Defendants would potentially suffer only minimal, if any, damage by the issuance of this temporary restraining order. *See* Fed. R. Civ. P. 65(d).

8. This order shall take effect immediately, without advance notice to Roussy Newton. *See* Fed. R. Civ. P. 65(b)(1).

9. This temporary restraining order shall remain in effect **through Monday, May 11, 2026**.

10. On **<u>Monday, May 11, 2026, at 9:30 a.m.</u>** the Court will hold a hearing, after giving notice to Roussy Newton, to determine whether to extend the temporary restraining order pending consideration of the motion for a preliminary injunction.

11. If counsel for GoDaddy has not yet appeared in this action as of the entry of this Order, Plaintiffs shall **immediately** provide a copy of all the papers filed in this action, including this Order, to GoDaddy by email and by mail.

12. **Within 48 hours** of the entry of this Order, Plaintiffs shall file a status report informing the Court whether they believe that GoDaddy has complied with the terms of this Order.

13. Plaintiffs shall provide a copy of all the papers filed in this action to Roussy Newton by email **within 48 hours** of the entry of this Order.

14. **Within 72 hours** of the entry of this Order, Plaintiffs shall file a status report informing the Court whether they believe that Roussy Newton has complied with the terms of this Order.

Dated this 5th day of May, 2026 at 4:15 p.m.

_____
Honorable Sharad H. Desai
United States District Judge

- 4 -